UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary G. Milliken, | ) C/A 1:06-263-RBH-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BWW; Joseph Gleaton; | ) |
| Rossie Reid; Barnwell County Hospital; | ) |
| County of Barnwell; Dr. Shamsi; | ) |
| Aiken Barnwell Mental Health Center, | ) |
| a/k/a Polly Best Mental Health Center; | ) Report and Recommendation |
| State of South Carolina; MUSC; | ) |
| Stephen McLoed-Bryant; Sagar Patel; | ) |
| Barnwell County Sheriff's Department; | ) |
| Phillip Claytor, M.D.; | ) |
| Dr. Swaney; | ) |
| Medical University of South Carolina; | ) |
| Probate Judge Provence; | ) |
| Vernieda Hill; and | ) |
| P. Claytor, | ) |
| | ) |
| Defendant(s). | |

_____

Plaintiff has filed this action alleging she was committed against her will in violation of the State of South Carolina's civil commitment statute. She is suing two probate judges, her brother, a mental health counselor, the Barnwell County Hospital, the County of Barnwell, several doctors, the Aiken Barnwell Mental Health Center, the State of South Carolina, the Medical University of South Carolina, the Barnwell County Sheriff's Dept., and her court appointed attorney/guardian *ad litem*. The crux of her fifty-four (54) page petition is that these numerous individuals conspired against her, read her personal writings and

1



diaries, wrongfully diagnosed her, slandered her, and retaliated against her for her opinions, expressed orally and in writing. Plaintiff alleges her case is properly in federal court under, *inter alia*, Title VII, Section 1983, the diversity statute, the First and Fourteenth Amendments, and the Bill of Rights.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, Plaintiff's complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure of the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

First, Plaintiff is clearly contesting the commitment order issued by the probate court.



Probate Courts are courts in the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); Spartanburg County Dept. of Social Services v. Padgett, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1 (1988); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and longstanding precedents preclude United States District Courts from reviewing the findings or rulings made by probate courts. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine. *See*, *e.g.*, Ivy Club v. Edwards, 943 F.2d 270, 284 (3rd Cir. 1991), *cert. denied*, Del Tufo v. Ivy Club, 503 U.S. 914 (1992). The Rooker-Feldman doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. District of Columbia Court of Appeals v. Feldman, supra, 460 U.S. at 484-486; Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D.Iowa 1989). The Rooker-Feldman doctrine also applies even if the state court litigation has not reached a State's highest court. Worldwide



Church of God v. McNair, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Products v. Namaco Industries, Inc., 797 F.2d 176, 178 (4th Cir. 1986), *cert. denied*, Namaco Industries, Inc. v. Robart Wood & Wire Products, 479 U.S. 1032 (1987). Therefore, plaintiff may not use a civil rights action to challenge the determinations or rulings of a probate court. *See* Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (characterization of a suit as a civil rights action is ineffective to defeat the well-settled rule that litigants may not obtain review of state court actions by filing complaints in lower federal courts "cast in the form" of civil rights suits). *See also* Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority over state courts). *Accord* Hagerty v. Succession of Clement, 749 F.2d 217, 219-220 (5th Cir. 1984)(collecting cases), *cert. denied*, Hagerty v. Keller, 474 U.S. 968 (1985); Kansas Association of Public Employees v. Kansas, 737 F. Supp. 1153, 1154 (D.Kan. 1990); and Fuller v. Harding, 699 F. Supp. 64, 66-67 (E.D.Pa. 1988), *affirmed*, Fuller v. Harding, 875 F.2d 310 (3rd Cir. 1989)[Table].[1] Hence, to the extent plaintiff believes a probate judge

---

[1] This principle was recently reaffirmed, although limited, in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker-Feldman*



improperly applied the law, or the facts, to her situation, she is attempting to "appeal" that decision, and even under the narrow construction given to the *Rooker- Feldman* doctrine in Exxon Mobil Corp., *supra*, plaintiff is barred by that doctrine because she is alleging she was injured by the state court decision.

Furthermore, with respect to the defendant probate judges, these two defendants are absolutely immune from a suit seeking damages for actions which arise out of their judicial actions.  *See* Mireles v. Waco, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates);  Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  *See also* Siegert v. Gilley, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789 ,(1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478, 114 L.Ed.2d 547, 562, 111 S.Ct. 1934 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").  Therefore,

---

doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself). See also Davani v. Virginia Dept. of Trasnp., ___F.3d ___, 2006 WL 91807 (4th Cir. 2006) (*Rooker -Feldman* doctrine does not apply where federal suit does not challenge the state court's decision, but instead seeks redress for an injury allegedly caused by defendants.) *Cf.* Lance v. Dennis, ___ S.Ct. ___, 2006 WL 386360 (1006); Rose v. Board of Supervisors of Fluvanna County, 2006 WL 240979 (W.D.Va.).

5



defendants "BWW" and "Judge Provence" are entitled to summary dismissal.

In addition, to the extent that plaintiff is alleging this matter has been filed pursuant to Section 1983, she can not file suit against her brother, Joseph Gleaton, because he has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983 a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law; Lugar v. Edmondson Oil Co., 639 F.2d 1058, 1062-1069 (4th Cir. 1981), *affirmed in part and reversed in part* [on other grounds], 457 U.S. 922 (1982); and there is no indication that plaintiff's brother in this case acted under color of state law, which is a jurisdictional prerequisite to a § 1983 civil rights action. See Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982). . Therefore, Joseph Gleaton is entitled to summary dismissal as a party defendant.

Plaintiff has also named several doctors and a mental health counselor in the caption of her complaint, and alleges that she did not receive proper medical treatment while she was detained under an order of commitment. However, the claims Plaintiff makes in her Complaint are, at best, claims of negligence or medical malpractice. Such claims do not support an action for damages under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Ruefly v. Landon, 825 F.2d 792, 793-794 (4th Cir. 1987). Negligence and medical malpractice are



causes of action under South Carolina law, and would be cognizable in this court only under the federal diversity statute, if that statute's requirements are satisfied. Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, Cianbro Corporation v. Jeffcoat and Martin, 1993 U.S.App. LEXIS® 30,080 (4th Cir., November 22, 1993), 10 F.3d 806 [Table]. However, in order to bring state law claims in this Court under the diversity statute, 28 U.S.C. § 1332(a), Plaintiff must show complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 & nn. 13-16 (1978). Here, this court has no diversity jurisdiction because all of the doctors and the mental health counselor in this case, except for Dr. Shamsi, are residents of the State of South Carolina, as is the plaintiff. Hence, complete diversity of parties is absent in the case *sub judice*. Consequently, defendants McLoed (sic)-Bryant, Shamsi, Claytor[2], Patel, Swaney, and Reid are entitled to summary dismissal as party defendants. In addition, since there is no basis for any federal cause of action in plaintiff's complaint, these allegations cannot be construed as pendant state claims.[3]

---

[2]This defendant is actually listed in the caption of the complaint twice - once as Phillip Claytor, M.D., and also as "P.Claytor".

[3]The plaintiff does have an available judicial remedy wherein she can seek monetary damages from these defendants. She can file a medical malpractice action or negligence action against them in a Court of Common Pleas, which would have jurisdiction over a medical malpractice or negligence action brought by a South Carolina resident against a doctor or health care professional who practices in South Carolina. See, *e.g.*, Mitchell v. Holler, 311 S.C. 406, 429 S.E.2d 793 (1993); and Yarborough v. Rogers, 306 S.C. 260, 411 S.E.2d 424 (1991). With respect to a malpractice



As for the defendants State of South Carolina and Medical University of South Carolina[4], these defendants are immune from suit under § 1983 because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina *or its integral parts*. *See* <u>Alden v. Maine</u>, 527 U.S. 706, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999); *See also* <u>Federal Maritime Commission v. South Carolina State Ports Authority, *et. al.*</u>, 122 S. Ct 1864, 2002 WL 1050457 (U.S. May 28, 2002) (state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State). The State of South Carolina, of which the Medical University is a part, has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(Law. Co-op. 2004). Therefore, the State of South Carolina and the Medical University of South Carolina are entitled to summary dismissal as party defendants.

The defendants Barnwell County Hospital, Barnwell County Sheriff's Department, and the Aiken-Barnwell Mental Health Center, are buildings, facilities, or grounds. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, these defendants are not "person[s]" subject to suit under § 1983. *See* <u>Allison v. California Adult Authority</u>, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority

---

action or negligence action against the defendants, the plaintiff's attention is directed to § 15-3-530, South Carolina Code of Laws (Cum.Supp., 1993), which sets forth various statutes of limitations for causes of action arising after April 5, 1988.

[4]This defendant appears twice in the caption of plaintiff's complaint; First as "MUSC" and later in the caption as the Medical University of South Carolina.



and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). *See also* Staley v. South Carolina Department of Corrections, *et. al.*, 2003 WL 23541770 (D.S.C. Dec. 04, 2003)(NO. C/A 9:03-3436-23BG), *affirmed* Staley v. South Carolina Department of Corrections, 96 Fed. Appx. 928 (4th Cir. (S.C.) May 21, 2004)(Not selected for publication in the Federal Reporter, No. 04-6022); Dewitt v. Adduci, *et. al.*, 2002 WL 32332077 (D.S.C. August 13, 2002)(NO. C/A 3:02-0942-24BC). These defendants are, therefore, also entitled to summary dismissal.

Defendant Hill, whom plaintiff alleges was her guardian *ad litem* during the probate proceeding, is entitled to summary dismissal because actors in the judicial process have quasi-judicial immunity from Section 1983 liability for any misfeasance of their duties. *See* Fleming v. Asbill, 42 F.3d 886 (4th Cir. 1994)(citing cases). To the extent that the plaintiff is raising a claim against Hill under South Carolina law, she must do so in a South Carolina court since any pendant claim fails in this Court for lack of subject matter jurisdiction.[5]

As for the defendant Barnwell County, this defendant is not responsible for actions taken by state courts within its borders. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; and State

---

[5] The Fleming case, *supra,* noted that under South Carolina common law a guardian may be liable to her ward for negligent performance of duties. *See* Shainwald v. Shainwald, 302 S.C. 453, 395 S.E.2d 441 (Ct. App. 1990).

9



ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[6] Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Barnwell County, retains the *sole* authority to supervise magistrates' courts, municipal courts in Barnwell County, and the Probate and Circuit Court for Barnwell County.  *See* Spartanburg County Dept. of Social Services v. Padgett, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1 (1988).  Consequently, Barnwell County is not a proper party defendant because it has no authority over the county court system and is not responsible for the alleged violations of plaintiff's rights.

Finally, it should be noted that plaintiff does not properly raise her claims under Title 7, even though she maintains this Court has jurisdiction under that statute.  Plaintiff is not an employee of any of the defendants, and even if she were to somehow construe her complaint as one arising under Title 7, she has failed to show that she has exhausted her administrative remedies prior to filing such a claim.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint[7] in the above-

---

[6] County courts in the State of South Carolina no longer exist.  Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented.  See State ex rel. McLeod v. Civil and Criminal Court of Horry County, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

[7] This Report and Recommendation has taken into consideration both Plaintiff's original complaint and Plaintiff's amended complaint filed on May 1, 2006.



captioned case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>, supra; <u>Neitzke v. Williams</u>, supra; <u>Haines v. Kerner</u>, supra; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, supra; <u>Todd v. Baskerville</u>, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B).

        The parties are referred to the Notice Page attached hereto.

                                                    Bristow Marchant
                                                    United States Magistrate Judge

Columbia, South Carolina
June 20, 2006



## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
